State v. Whaley

———————————

STATE OF NORTH CAROLINA v. DONNIE WHALEY

No. 814SC1301

(Filed 6 July 1982)

**Searches and Seizures § 4— nontestimonial identification order—examination to determine visual acuity**

A superior court judge erred in entering a nontestimonial identification order to have a defendant charged with involuntary manslaughter examined by a doctor to determine his "visual acuity," since defendant's visual acuity could not have been of any material aid in identifying defendant as the person who was driving the vehicle which caused the victim's death, and such an examination thus did not come within the purview of the nontestimonial identification statutes. G.S. 15A-271; G.S. 15A-273.

APPEAL by the State of North Carolina from *Llewellyn, Judge.* Order entered 14 September 1981 in Superior Court, DUPLIN County. Heard in the Court of Appeals on 25 May 1982.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Ben G. Irons, II, for the State.*

*Vance B. Gavin, for defendant appellee.*

HEDRICK, Judge.

This is an appeal by the State, pursuant to G.S. § 15A-1445(b), allowing the defendant's motion to suppress evidence obtained pursuant to a "nontestimonial identification order." The record discloses the defendant was arrested and, on 3 August 1981 charged with driving an automobile without a license, failing to decrease speed to avoid an accident, and involuntary manslaughter of April Yvonne Hall. On 19 August 1981, the prosecuting attorney made application to Superior Court Judge Henry Stevens for a nontestimonial identification order to have the defendant examined, pursuant to G.S. § 15A-271, *et seq.,* by Dr. Conrad Faulkner for the purpose of determining his "visual acuity." On 19 August 1981, Judge Stevens issued the order.

On 3 August 1981, in the Superior Court, the defendant waived arraignment, and pleaded not guilty to the charges of operating a motor vehicle without a license, failing to decrease speed to avoid an accident, involuntary manslaughter, and death by vehicle.

On 4 September 1981, defendant made a motion to suppress the evidence obtained pursuant to the nontestimonial identification order, and on 14 September 1981, Judge Llewellyn allowed the motion.

G.S. § 15A-273 in pertinent part provides: "An order may issue only on an affidavit or affidavits sworn to before the judge and establishing the following grounds for the order: . . . (3) That the results of specific nontestimonial identification procedures will be of material aid in determining whether the person named in the affidavit committed the offense." G.S. § 15A-271 provides: " 'nontestimonial identification' means *identification* by finger-

prints, palm prints, footprints, measurements, blood specimens, saliva samples, hair samples, or other reasonable physical examination, handwriting exemplars, voice samples, photographs, and lineups or similar identification procedures requiring presence of a suspect [emphasis added]."

We note at the outset that the results of the visual acuity test purportedly made pursuant to the nontestimonial identification order, the evidence sought to be suppressed by the defendant's motion, is not in the record before us, nor was it before Judge Llewellyn when he allowed the motion to suppress.

Judge Llewellyn, in allowing the motion to suppress, concluded that the examination of the defendant by Dr. Faulkner to determine the defendant's visual acuity did not come within the purview of G.S. §§ 15A-271 to -282. We agree.

The obvious purpose and intent of these statutes, G.S. §§ 15A-271 to -282, assuming their constitutionality, is to permit the examination of a suspect pursuant to a nontestimonial identification order only if the results of such examination will be of material aid in determining whether such suspect actually committed the offense charged, assuming that a crime punishable by imprisonment for more than one year had been committed by some person. Manifestly, the focus of these statutes is identification of the suspect as the perpetrator, not a determination of whether the crime has been committed. While the results of an examination to determine the defendant's visual acuity might be of material aid in determining whether he was grossly negligent in the operation of a motor vehicle, we do not perceive how his visual acuity could be of any possible material aid in identifying him as the individual who might or might not have been driving the motor vehicle which caused the death of April Yvonne Hall. Hence, since there was obviously "no identification purpose for the test," the order requiring the test was erroneously entered, and the evidence obtained pursuant to the erroneous order was properly suppressed.

Affirmed.

Judges ARNOLD and WELLS concur.